UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TRAVIS GOLDEN,

        Plaintiff,      :

v.                          Case No. 2:22-cv-2125
                             Chief Judge Sarah D. Morrison
                             Magistrate Judge Stephanie K.
OHIO DEPARTMENT OF        Bowman
REHAB. AND CORR., *et al.*,   :

        Defendants.

## ORDER

This matter is before the Court on the Report and Recommendation (R&R, ECF No. 60) issued by the Magistrate Judge on August 16, 2024. Upon review of the parties' cross motions for summary judgment (ECF Nos. 47, 48), the Magistrate Judge recommended that (1) Plaintiff Travis Golden's motion for summary judgment be denied; (2) Defendant Sergeant Tony Marshall's motion for summary judgment be granted; and (3) the remaining pending motions (ECF Nos. 57–59) be denied as moot and the case be closed. (R&R, PAGEID # 392–93.) Mr. Golden timely filed an objection (Obj., ECF No. 62).

For the reasons set forth below, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 60). Mr. Golden's Motion for Summary Judgment (ECF No. 47) is **DENIED**, and Sergeant Marshall's Motion for Summary Judgment (ECF No. 48) is **GRANTED.** The remaining pending motions (ECF Nos. 57–59) are **DENIED as moot**. The Clerk is **DIRECTED** to **TERMINATE** this case

from the docket of the United States District Court for the Southern District of Ohio.

I.     BACKGROUND

Mr. Golden is an Ohio inmate proceeding without assistance of counsel. (ECF No. 1.) He commenced this action against the Ohio Department of Rehabilitation and Correction ("ODRC") and Sergeant Marshall, alleging claims under 42 U.S.C. § 1983. (Compl., ECF No. 3, PAGEID # 48.) Mr. Golden asserts that Sergeant Marshall violated his right to privacy in May 2020 at the Pickaway Correctional Institution when Sergeant Marshall ordered a strip search of Mr. Golden's dorm in retaliation for another inmate calling him a name. (*Id.*, PAGEID # 50.) Mr. Golden alleges that he was mortified by being forced to strip down to his underwear in front of other inmates and suffered an anxiety attack and ongoing depression. (*Id.*) He seeks compensatory and punitive damages. (*Id.*, PAGEID # 51.)

Mr. Golden and Sergeant Marshall each moved for summary judgment.[1] (ECF Nos. 47, 48.) The Magistrate Judge issued a Report and Recommendation recommending that this Court grant Sergeant Marshall's summary judgment motion and deny Mr. Golden's summary judgment motion. (R&R, PAGEID # 393.) Mr. Golden objects. (Obj., *generally*.)

II.     STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or

---

[1] The Court dismissed Mr. Golden's claim against ODRC with prejudice on June 27, 2022. (ECF No. 7.)

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III.   ANALYSIS

Mr. Golden argues on summary judgment that Sergeant Marshall violated his Fourth and Eighth Amendment rights because the strip search was not supported by a penological justification and did not comport with the overall purpose of the Prison Rape Elimination Act of 2003 ("PREA"). (ECF No. 47, PAGEID # 279.) Sergeant Marshall responds that the event in question was a tattoo check meant to accomplish valid penological objectives and that Mr. Golden has failed to establish that his constitutional rights were violated. (ECF No. 48, PAGEID # 288–89.) Sergeant Marshall also asserts that he is entitled to qualified immunity. (*Id.*)

After reviewing the parties' summary judgment briefing, the Magistrate Judge recommended that this Court grant summary judgment in favor of Sergeant Marshall and deny summary judgment as to Mr. Golden. (R&R, PAGEID # 393.)

First, the Magistrate Judge concluded that Mr. Golden's Fourth Amendment claim failed as a matter of law because the tattoo search at issue—which involved inmates stripping down to their underwear and which lasted less than thirty seconds—was not unconstitutionally intrusive. (R&R, PAGEID # 388.) Additionally, Sergeant Marshall provided a reasonable explanation for his conduct, namely that tattoo checks help corrections officers identify prison gang members and promote

3

inmate health and safety. (*Id.*, PAGEID # 387–89.) Mr. Golden presented no evidence to dispute Sergeant Marshall's asserted penological justification, and his references to allegedly exculpatory video footage that he did not provide with his motion are insufficient. (*Id.*, PAGEID # 389.)

Second, the Magistrate Judge determined that Mr. Golden failed to establish an Eighth Amendment claim:

> Plaintiff's unsupported conclusory allegations fail to establish that Defendant's actions were punitive in nature and not a routine security and safety task. To the contrary, as detailed above, the evidence clearly establishes that the search served a legitimate purpose and was not punitive, namely, in order to identify prison gangs and for the health and safety of inmates.

(R&R, PAGEID # 391.)

Finally, even if Mr. Golden had met his burden of establishing a Fourth or Eighth Amendment violation, Sergeant Marshall is entitled to qualified immunity because his actions would not constitute a violation of a "clearly established" right. (R&R, PAGEID # 392.)

Mr. Golden objects to the Magistrate Judge's Report and Recommendation on thirteen grounds. (Obj., *generally*.) The Court addresses each objection in full below, analyzing them together to the extent the arguments overlap.

    **A.    Failure to Provide Evidence (Objection Nos. 1, 10)**

Mr. Golden first objects to the Magistrate Judge's finding that he "failed to cite to any evidence, affidavit, or otherwise in his motion for summary judgment as required by Fed. R. Civ. P. 56." (Obj., PAGEID # 397 (citing R&R, PAGEID # 383 n.2).) He argues that he did cite to two forms of evidence in his motion, including

4

video footage of the incident and the filings related to his inmate grievance.[2] (Obj., PAGEID # 398.) However, Mr. Golden did not attach the video or the grievance filings to his motion. As the Magistrate Judge correctly noted, he "cannot rest on the mere allegations of the pleadings." (R&R, PAGEID # 389); *see also, e.g.*, *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 851–52 (S.D. Ohio 2011) (Newman, M.J.) (holding that a *pro se* party cannot rely on allegations or denials in unsworn filings when opposing a motion for summary judgment); S.D. Ohio Civ. R. 7.2(e) ("Unless already of record … evidence shall be attached to the memorandum or included in an appendix thereto."). This is particularly true in the face of Sergeant Marshall's affidavit stating that he inquired about security camara footage for the date in question and none was available.[3] (ECF No. 49-1, ¶ 4.) The

---

[2] According to Mr. Golden, the Magistrate Judge failed to afford due deference or the presumption of correctness to the grievance filings and conclusions. (Obj., PAGEID # 400–02.) Putting aside whether these materials deserve such deference, Mr. Golden did not attach them to his summary judgment briefing or otherwise place the filings in the record before the Magistrate Judge for consideration. *See Pullen v. Tabor*, No. 1:20-CV-00050, 2024 WL 3821927, at *2 (S.D. Ohio Aug. 13, 2024) (Gentry, M.J.) ("[A] plaintiff's pro se status does not exempt him from his burden to respond with admissible evidence."). In this sense, Mr. Golden's argument is more appropriately characterized as a criticism of the Magistrate Judge for not deferring to *his description* of the filings. This argument is not well taken.

[3] Mr. Golden responds that he should not be penalized for failing to produce the video footage because Sergeant Marshall withheld it as an act of impropriety, such that the Court should reject the Report and Recommendation because of this and other "indicia and/or badges of fraud" perpetrated by Sergeant Marshall. (Obj., PAGEID # 416–17, 424.) He provides no evidence of these improprieties other than unsupported allegations, and his objections founded on such allegations (Objection Nos. 10, 13) are **OVERRULED**.

5

Court declines to take Mr. Golden's representations about this evidence as true, and his objections are **OVERRULED**.

### B.      Policy Enactment (Objection Nos. 2, 3, 9, 12)

Next, Mr. Golden objects to the Magistrate Judge's consideration of an institutional policy regarding tattoo checks as a basis for Sergeant Marshall's authority and discretion to conduct such checks on the ground that the policy was not enacted at the time of the strip search at issue. (Obj., PAGEID # 403, 405; *see also* ECF No. 48-3, ¶ 4.) Because the R&R only cursorily references the policy by way of background, and because other evidence supports the Magistrate Judge's findings notwithstanding the policy, Mr. Golden's objections are **OVERRULED**.

### C.      Use of "Unsworn" Declarations (Objection Nos. 7, 8, 9, 10, 12)

Mr. Golden objects to the supporting declarations attached to Sergeant Marshall's summary judgment motion, arguing that such "unsworn" declarations are inadmissible or insufficient to justify summary judgment in his favor. (Obj., PAGEID # 409–12.)

An unsworn declaration may substitute for a conventional affidavit if the statement contained in the declaration is made under penalty of perjury, certified as true and correct, dated, and signed. 28 U.S.C. § 1746; *see also Pollock v. Pollock*, 154 F.3d 601, 612 (6th Cir. 1998); S.D. Ohio Civ. R. 7.2(e) ("Evidence shall be presented, in support of or in opposition to any motion, using affidavits, *declarations pursuant to 28 U.S.C. § 1746*, deposition excerpts, admissions, verified interrogatory answers, and other documentary or electronic exhibits.") (emphasis added). Each of the declarations attached to Sergeant Marshall's summary

6

judgment motion state that the declarant "make[s] this unsworn declaration under penalty of perjury and declare[s] that the statements below are true and correct." (ECF Nos. 48-1–48-4.) The declarations are also signed and dated. (*Id.*) Accordingly, it was proper for the Magistrate Judge to consider these declarations.[4] Mr. Golden's objections are **OVERRULED**.

### D. Factual Disputes (Objection Nos. 2, 4, 5, 6, 9, 12)

Several of Mr. Golden's objections relate to his contrary view of the facts presented in the Report and Recommendation. (Obj., PAGEID # 406–09.) He argues that had the Magistrate Judge considered the facts as he asserts them to be, summary judgment would have been granted in his favor. (*Id.*, PAGEID # 404.) But, as previously discussed, Mr. Golden cannot rely on mere allegations when asserting or opposing a motion for summary judgment. Rule 56 requires parties to support their factual assertions with admissible evidence, and a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 Fed. App'x 482, 485 (6th Cir. 2010). Sergeant Marshall presented admissible evidence to support his factual background (*see* ECF Nos. 48-1–48-4), upon which the Magistrate Judge properly relied, and Mr. Golden's objections in this regard are **OVERRULED**.

---

[4] Mr. Golden's reliance on *Tenneco Auto. Operating Co. v. Kingdom Auto Parts*, 410 F. App'x 841, 848 (6th Cir. 2010), is unavailing. (Obj., PAGEID # 410–12.) In that case, the Sixth Circuit found that the district court did not abuse its discretion in refusing to consider on summary judgment "unsworn declarations that were not clearly made on personal knowledge nor made under the penalty of perjury." *Tenneco*, 410 F. App'x at 848. The declarations provided with Sergeant Marshall's summary judgment motion, however, were made under the penalty of perjury.

7

## E. Reasonable Inferences (Objection Nos. 6, 9, 12)

Mr. Golden contends that the Magistrate Judge failed to draw all reasonable inferences in his favor as a non-moving party when determining whether summary judgment was warranted. (Obj., PAGEID # 408)

At the summary judgment stage, courts consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). Where, as here, the parties filed cross-motions for summary judgment, "the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.* (citation omitted). There is no indication that the Magistrate Judge improperly applied these principles. Further, courts "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Mr. Golden asks not for the benefit of reasonable inferences in his favor but rather for the Court to take his side of the story as true without the ability to review the supporting evidence he references. The Court will not do so.

Moreover, the Court finds no error in the Magistrate Judge's conclusions or reasoning. Even when viewed in the light most favorable to Mr. Golden, the evidence demonstrates that the tattoo check at issue was minimally invasive and not in violation of his rights, and if this were not the case, Sergeant Marshall would be entitled to qualified immunity. On the other hand, Mr. Golden did not properly support his summary judgment briefing with supporting materials, nor has he

8

alleged or provided any evidence that he was forced to strip to his underwear or that he was in fact searched. His objections are **OVERRULED**.

      **F.    PREA Claim (Objection No. 11)**

In construing Mr. Golden's allegations that Sergeant Marshall's conduct did not comport with the PREA, the Magistrate Judge observed that parties may not bring a claim for PREA violation under 42 U.S.C. § 1983 and that "to the extent [Mr. Golden] is asserting a claim against Defendant Marshall under the PREA, such a claim should be dismissed." (R&R, PAGEID # 391 n.3.) Mr. Golden's objection with respect to this finding is that he does not assert a claim under the PREA. (Obj., PAGEID # 417.) Because there appears to be agreement as to this issue, Mr. Golden's objection is **OVERRULED**.

      **G.    Opportunity to Reply (Objection No. 13)**

In his final objection, Mr. Golden asks the Court to reject the Magistrate Judge's recommendation that three pending motions be denied as moot. (Obj., PAGEID # 423.) He implies that two of these motions (ECF Nos. 57, 59) constitute his reply in support of his summary judgment motion. (*Id.*)

Even taking Mr. Golden's characterization of these motions as accurate, they were filed well after the deadline for him to submit his reply. *See* S.D. Ohio Civ. R. 7.2(a)(2) ("Any reply memorandum shall be filed within fourteen days after the date of service of the memorandum in opposition."). Because Mr. Golden did not seek leave to file an untimely reply, and because he had numerous other opportunities to challenge Sergeant Marshall's arguments (*see* ECF Nos. 51, 55), his objection is **OVERRULED**.

## IV. CONCLUSION

Mr. Golden's Objection (ECF No. 62) is **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 60). Mr. Golden's Motion for Summary Judgment (ECF No. 47) is **DENIED**, and Sergeant Marshall's Motion for Summary Judgment (ECF No. 48) is **GRANTED.** The remaining pending motions (ECF Nos. 57–59) are **DENIED as moot**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**